# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0390-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KRYSHAAD Y. CLARK,

    Defendant-Appellant.

_____

> Argued March 4, 2024 – Decided April 10, 2024
>
> Before Judges Gilson, Berdote Byrne, and Bishop-Thompson.
>
> On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-12-3247.
>
> Laura B. Lasota, Deputy Public Defender, argued the cause for appellant (Jennifer Nicole Sellitti, Public Defender, attorney; Laura B. Lasota, of counsel and on the brief).
>
> Matthew E. Hanley, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Essex County Prosecutor, attorney; Matthew E. Hanley, of counsel and on the brief).

PER CURIAM

On leave granted, defendant Kryshaad Clark appeals from a September 18, 2023 order denying his motion to reduce his bail from $330,000 to $50,000, with a ten-percent option.  Discerning no abuse of discretion by the trial court, we affirm.

I.

In May 2016, defendant was arrested and charged with kidnapping and sexually assaulting L.I., an emotionally disturbed adult.[1]  The charges against defendant are based on allegations concerning his conduct on or between May 13 and 14, 2016.  On May 13, 2016, L.I. was reported missing.  In the early morning hours of May 14, 2016, a police officer observed L.I. get out of a van driven by defendant.  Defendant told the officer that he had seen L.I. approximately thirty minutes earlier and she appeared lost.  He, therefore, picked her up and tried to take her to her father's house in Newark.  When no one was home at her father's house, he drove her back to her home.  In contrast, L.I. informed the police that she had become lost the evening before and defendant had picked her up.  He initially took her to her father's house, but

---

[1]  We use initials to protect the privacy interests of the victim.  See R. 1:38-3(c)(12).

when no one answered the door at that home, defendant had forced L.I. to have anal sex in the back of his van.

The police officer looked into defendant's van and saw a used condom in the back of the van. There is no reference in the record before us as to whether the condom has been tested for DNA.

Defendant was arrested on an outstanding warrant, and he was found to be in possession of various prescription pills. On May 17, 2016, defendant was charged with several crimes, including kidnapping and sexually assaulting L.I. His bail was set at $330,000 with no percent payment option.

Several months later, in November 2016, defendant moved to reduce his bail, but that motion was denied. In December 2016, defendant was indicted for thirteen crimes related to the sexual assault and possession of drugs. Those crimes included first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); and four drug-related charges, including second-degree possession of controlled dangerous substances with the intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-7.1(a).

A-0390-23

Defendant is developmentally disabled. In 2019, an expert retained by defendant's former counsel opined that defendant was not competent to stand trial. In 2020, defendant was evaluated at the Ann Klein Forensic Center, and an expert opined that defendant was not competent to stand trial. Accordingly, the criminal case was held in abeyance, and defendant continued to be detained. In 2020 and 2022, defendant filed two additional motions to reduce his bail. Both those motions were denied.

Thereafter, defendant was again evaluated at the Ann Klein Forensic Center, and this time an expert opined that defendant was competent to stand trial. Defense counsel is contesting the competency evaluation, and to date, a hearing on that issue has not been conducted.

In June 2023, defendant filed his fourth motion to reduce his bail. Defendant moved to reduce his bail from $330,000 to $50,000, with a ten-percent option. Shortly thereafter, he also filed a motion to dismiss the drug charges.

The trial court heard argument on both motions on September 1, 2023 and September 18, 2023. The State agreed to dismiss the drug charges. On September 18, 2023, the trial court issued orders and an oral decision granting

4

defendant's motion to dismiss the drug charges but denying his motion to reduce his bail.

In its oral decision, the court acknowledged defendant's argument that dismissing the drug charges constituted a change of circumstances. The court also acknowledged that defendant had been detained for over seven years. The trial court then analyzed the eight factors to be considered in establishing or re-evaluating bail. See State v. Johnson, 61 N.J. 351, 364-65 (1972). Ultimately, the trial court found that defendant failed to demonstrate that his bail should be reduced. We granted defendant leave to appeal on an accelerated basis from the September 18, 2023 order denying his motion to reduce his bail.

## II.

On appeal, defendant argues that the trial court abused its discretion in denying his motion to reduce bail. He presents two arguments for our consideration:

> POINT I: THE CRIMINAL JUSTICE REFORM ACT DOES NOT APPLY IN THIS CASE BECAUSE DEFENDANT'S ARREST OCCURRED BEFORE JANUARY 1, 2017.

> POINT II: THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO REDUCE BAIL.

A-0390-23

A. Whether the Criminal Justice Reform Act Applies in this Matter.

Before 2017, New Jersey had long relied on monetary bail to ensure the presence of accused persons at trial. State v. Robinson, 229 N.J. 44, 52 (2017) (citing Johnson, 61 N.J. at 364). In 2017, the Legislature enacted the Criminal Justice Reform Act (the CJR Act), N.J.S.A. 2A:162-15 to -26, which allows judges to detain defendants pretrial if they "present a serious risk of danger, flight, or obstruction." Robinson, 229 N.J. at 51; N.J.S.A. 2A:162-18(a)(1). The CJR Act replaced the prior reliance on monetary bail with "an objective evaluation of each defendant's risk level and consideration of conditions of release that pretrial services officers will monitor." Robinson, 229 N.J. at 54; see also N.J.S.A. 2A:162-17, -25(d). In doing so, the CJR Act aims to avoid penalizing low-level offenders who cannot afford bail. Robinson, 229 N.J. at 54. To be implemented, the CJR Act required an amendment to the New Jersey Constitution. Following voters' approval of that constitutional amendment, N.J. Const. art. I, ¶ 11 (amended 2017), the CJR Act was enacted and became effective on January 1, 2017. Robinson, 229 N.J. at 54-55; see also L. 2014, c. 31 (codified at N.J.S.A. 2A:162-15 to -26).

The initial issue we must decide is whether the CJR Act applies to defendant's motion to reduce his bail. Defendant and the State agree that the

CJR Act does not apply because defendant was arrested in May 2016, before the CJR Act took effect. We agree with that position because it is consistent with the clear intent of the Legislature in adopting the CJR Act. See State v. S.B., 230 N.J. 62, 67-68 (2017) (explaining that courts look to the plain language of a statute to discern the Legislature's intent).

The CJR Act states that it is to be applied to "eligible defendants." N.J.S.A. 2A:162-15. "Eligible defendants" are those persons "for whom a complaint-warrant is issued for an initial charge involving an indictable offense or a disorderly persons offense," unless otherwise provided in the CJR Act. Ibid. While the CJR Act does not expressly state that it applies only to eligible defendants arrested on or after the effective date of January 1, 2017, the legislative history of the CJR Act confirms the Legislature intended a prospective application. The Floor Statement in support of the CJR Act stated:

> The bill's provisions would apply to any eligible defendant who is arrested, and for whom a complaint-warrant is issued, on or after the effective date of the aforementioned sections . . . . It would not matter whether the crime or offense was allegedly committed by the eligible defendant before, on, or after the effective date of those sections, as the bill intends to maintain a uniform system of criminal justice reform for all eligible defendants arrested in the wake of the bill's enactment. As an example, an eligible defendant arrested post-enactment for an act of murder from [twenty] years ago, still subject to prosecution because

7

it is a crime with no statute of limitations, would be detained subject to a pretrial release risk assessment, and subsequently, pretrial release or detention as determined in accordance with the bill's provisions.

[Floor Statement to Second Reprint of S. 946, at 1 (July 31, 2014).]

Because defendant was arrested and charged in May 2016, his pretrial release is not governed by the CJR Act. Instead, defendant's motion to reduce his bail is governed by the pre-CJR Act standards for establishing and evaluating bail as set forth in Rule 3:26-1(a) (2013) and Johnson, 61 N.J. at 364-65.

B. Whether the Trial Court Abused Its Discretion in Denying Defendant's Motion to Reduce His Bail.

"The setting of bail is vested in the sound discretion of the trial court." State v. Steele, 430 N.J. Super. 24, 34 (App. Div. 2013). Accordingly, an appellate court reviews a trial court's decision on the setting of bail for an abuse of discretion. Ibid. (citing State v. Fajardo-Santos, 199 N.J. 520, 531, 533-34 (2009)). An appellate court can "discern an abuse of discretion when the trial court fails to take into consideration all relevant factors and when [the trial court's] decision reflects a clear error in judgment." State v. C.W., 449 N.J. Super. 231, 255 (App. Div. 2017).

Before the enactment of the CJR Act, bail was "designed to assure a defendant's appearance." Steele, 430 N.J. Super. at 35. Accordingly, "even a

defendant charged with . . . a serious crime was entitled to pre-trial release upon a bail that was not excessive." Id. at 36.

In Johnson, our Supreme Court set forth eight factors that should be considered in fixing the amount of bail. 61 N.J. at 364-65. Those factors are: (1) "the seriousness of the crime charged against the defendant, the apparent likelihood of conviction, and the extent of the punishment prescribed by the Legislature;" (2) the defendant's criminal record; (3) the defendant's reputation and mental condition; (4) "the length of [the] defendant's residence in the community;" (5) the "defendant's family ties and relationships;" (6) the "defendant's employment status, record of employment, and financial condition;" (7) "the identity of responsible members of the community who would vouch for [the] defendant's reliability;" and (8) "any other factors indicating [the] defendant's mode of life, or ties to the community or bearing on the risk of failure to appear, and particularly, the general policy against unnecessary sureties and detention." Fajardo-Santos, 199 N.J. at 530 (emphasis omitted) (quoting R. 3:26-1(a) (2013)); see also Johnson, 61 N.J. at 364-65.

After engaging in this "fact-sensitive" analysis, a judge must entertain requests to modify bail if the facts change "in light of relevant new evidence or changed circumstances." Fajardo-Santos, 199 N.J. at 531. Indeed, "[b]ail can

then be increased, reduced, or left alone, consistent with the overriding aim of ensuring a defendant's presence at trial." Ibid.

In considering defendant's motion, the trial court conducted a thorough analysis of all eight Johnson factors. The trial court considered defendant's arguments that the dismissal of the four drug charges and the passage of time constituted changes of circumstances warranting a reduction in bail. While recognizing that those changes had taken place, the trial court did not find that they warranted a reduction in defendant's bail. Instead, the trial court reasoned that defendant was still charged with three first-degree crimes, which under the governing bail schedules call for a bail within the range of $150,000 to $400,000.

The trial court was particularly sensitive to the length of defendant's pretrial detention. The court noted, however, that the lengthy detention was based in part on expert opinions that defendant was not competent to stand trial. The court also acknowledged that defendant's competency was being re-evaluated, but a new determination on defendant's competency had not yet been made. Given that careful analysis, we discern no abuse of discretion in the trial court's decision to deny defendant's fourth motion to reduce his bail.

A-0390-23

Defendant argues that the trial court failed to recognize that there were changed circumstances because of the dismissal of the drug charges and the passage of time. We disagree with that reading of the trial court's decision. The trial court considered those factors. What the trial court found, however, was that those changes did not warrant a reduction in defendant's bail. In other words, the trial court engaged in the proper analysis, but disagreed with defendant's request to reduce his bail.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0390-23